UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-0038-01 |
| | CIVIL ACTION NO. 13-2585 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| VIDAL WILSON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 190) filed by the Petitioner, Vidal Wilson ("Wilson"). Wilson seeks an order from the Court vacating or reducing his sentence. For the reasons set forth below, Wilson's motion is **DENIED**.

## BACKGROUND

On July 12, 2011, pursuant to a written plea agreement, Wilson pled guilty to Count One of the Indictment charging him with Conspiracy to Commit Interstate Transportation of Stolen Vehicles and Tampering with Vehicle ID numbers in violation of 18 U.S.C. 371. See Record Document 87. On November 17, 2011, Wilson was sentenced to 60 months of imprisonment and a three-year term of supervised release, which is the statutory maximum within the 57 - 71 month sentencing guideline range. See Record Document 131. The remaining counts were dismissed. Wilson appealed the imposed sentence on November 28, 2011. See Record Document 154. Upon appeal to the 5th Circuit Court of Appeals, Wilson challenged three of the five sentence enhancements, more specifically: (1) a two level increase due to the fact that the offense involved an organized scheme to steal or receive stolen vehicles or vehicle parts under U.S.S.G. § 2B1.1(b)(12)(A) (PSI, par.

26); (2) a four level increase as a result of defendant being an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive under U.S.S.G. § 3B1.1(a) (PSI, par. 28); and (3) a two level increase because defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense under U.S.S.G. § 3B1.4 (PSI, par. 29). United States v. Wilson, 11-31127 (5th Cir. November, 2012). Wilson's appeal was denied on November 15, 2012 and filed into the Court Record on December 10, 2012. See Record Document 188.

Wilson now brings this timely Section 2255 motion. He asserts a 6th Amendment violation, stating that the Court used judicial fact-finding to increase the sentencing range. Wilson seeks relief under Alleyne v. United States, 133 S.Ct. 2151, 186 L. Ed. 2d 314 (2013) which holds that if "a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."

Wilson alleged in his 2255 motion that he was precluded from filing his previous appeal to the 5th Circuit Court of Appeals under a 6th Amendment violation because of the Supreme Court ruling in Harris v. U.S., 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524. While Wilson interprets the Alleyne case to have overruled the Harris case, the Fifth Circuit has not addressed the issue. However, other circuit courts have held that Alleyne is not retroactively applicable to cases on collateral review. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (Alleyne is an extension of Apprendi which is not retroactively applicable to cases on collateral review); United States v. Payne, 733 F.3d 1027, (10th Cir. Sept.17, 2013)(following Simpson). District courts in the Fifth Circuit, including the Western

District, have also found that <u>Alleyne</u> is not retroactively applicable to cases on collateral review. <u>Clinton v. Young</u>, Civil Action No. 2:12-cv-2249, 2013 WL 5233712 (W.D. Lake Charles Division, Sept. 16, 2013); <u>United States v. Davis</u>, No. 07-357, 2013 WL 5674134 (E.D. La. Oct. 16, 2013); <u>Landry v. United States</u>, No. A-13-CV-715 LY, A-06-CR-Ly, 2013 LW 5555122 (W.D. Tex. Oct. 4, 2013).

## LAW AND ANALYSIS

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255. Furthermore, issues raised and disposed of on direct appeal are not subject to further review under Section 2255. See <u>United States v. Segler</u>, 37 F.3d 1131, 1134 (5th Cir. 1994).

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." <u>U.S. v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting <u>U.S. v. Frady</u>, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." <u>Frady</u>, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See <u>Shaid</u>, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flories, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

## CONCLUSION

The Court finds Wilson has failed to present grounds on which the Court has authority to review his sentence under 28. U.S.C. § 2255.

Accordingly,

**IT IS ORDERED** that Wilson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 190) be and hereby is **DENIED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added).  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 11th day of March, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE